Hillsborough,
No. 4264.

MAUDE THERRIEN *v.* WAUMBEC MILLS, INC. & *a.*

Argued June 1, 1954.

Decided July 1, 1954.

*Maurice A. Broderick* (by brief and orally), for the plaintiff.

*Warren, Wiggin, Sundeen & Nassikas* and *Hedley G. Pingree* (*Mr. Pingree* orally), for the defendants.

BLANDIN, J. The case hinges on whether the parties made an agreement to settle the plaintiff's claim within the meaning of Laws 1947, *c.* 266, *s.* 34, and whether such an agreement is subject to the provisions of section 38 of the same chapter. The material portions

of these sections read as follows: Section 34. "AGREEMENTS. If an employer and an injured employee enter into an agreement in regard to compensation payable under the provisions of this chapter, a memorandum thereof shall be filed with said commissioner of labor; and, if approved by him, such agreement, subject to modification as provided in section 38 shall be enforceable as provided in section 40. Said commissioner shall approve such an agreement only when the terms thereof conform to the provisions of this chapter." Section 38. "MODIFICATION OF AWARDS AND AGREEMENTS; EFFECT. Upon application of any party . . . upon the ground of change in the conditions, mistake as to nature or extent of injury . . . the superior court may, not later than one year after the date of the last payment fixed by the award, review said award, and upon such review, may make an order ending, diminishing or increasing the compensation previously awarded . . . . "

The question whether there was an agreement in the first instance depends on the intention of the parties as evinced by all the circumstances, including their actions. *Maloney* v. *Corporation*, 98 N. H. 78. The Trial Court has found that they did make such an agreement. It is undisputed that a memorandum was signed by the plaintiff and an agent acting on behalf of the defendant on December 5, 1947. This memorandum was on a form provided by the Bureau of Labor and was filed with and approved by the Labor Commissioner as required by section 34, *supra*. It states at the top that it is an "Agreement for Temporary Total or Partial Disability Compensation." It recites the fact that the parties "have reached an agreement in regard to compensation" and also that "This agreement . . . may be subject to review by the superior court as provided in Section 38 of the Law." The weekly rate of compensation and the time as of which payments were to commence were fixed, together with a stipulation that payments were to continue until terminated "in accordance with . . . the Workmen's Compensation Law . . . . "

Five days later on December 10 the parties executed another memorandum, also on a form provided by the Bureau of Labor and filed with and approved by the Labor Commissioner as required by section 34, *supra*. This form is entitled, "Final Report and Receipt for Compensation For Industrial Accident to Labor Commissioner." It further states in bold print: "Read Carefully before Signing. This is a Final Settlement Receipt. Signing It

Means that Compensation Payments Cease." It recites that the stated sum, $148.98, received by the plaintiff in accordance with the weekly payments previously agreed upon, is the "final payment required for compensation due Maud[e] Therrien . . . under compensation agreement date December 5, 1947," and that it is "subject to review by the superior court as provided in Section 38 of the Law."

The memoranda dated December 5 and December 10, 1947, were, without objection, identified by the Labor Commissioner, who was called by the plaintiff as a witness, as an "agreement" and "final agreement" respectively. The word "agreement" as used in section 34 interpreted as it must be in its usual sense (R. L., *c.* 7, *s.* 2) seems to cover the understanding which the Court has found the parties reached. See *Standard &c. Ins. Co.* v. *Cloutier,* 92 N. H. 449; 3 C. J. S., Agreement, *p.* 356. It is significant that the heading under section 38 is "Modification of Awards and Agreements," and that section 34 specifically states that agreements made pursuant to it are subject to modification under section 38, thus contemplating just such a situation as arose here with the amount of weekly payments being first fixed, followed by a final settlement. The two memoranda are on the regular form provided by the Labor Commissioner and appear to fulfill the requirements of brevity and simplicity as set forth in section 39. No objection was made to their introduction nor to any alleged formal defects during the trial and none is now sustainable. *Fitch Company* v. *Insurance Co.,* 99 N. H. 1. Considering the two together as was proper (17 C. J. S., Contracts, *s.* 298) with other circumstances, the Court found they evidenced the intent of the parties to finally settle the matter (see *Bee* v. *Chicopee Mfg. Co.,* 94 N. H. 478) as an "agreed award" subject to modification under section 38. We believe this conclusion sustainable (*Diamond* v. *Employers &c. Company,* 97 N. H. 510, 513), and that the procedure followed was proper under the applicable sections of the statute.

The plaintiff further claims assuming there was an agreement that by failure to plead the defense of the one year limitation as fixed by section 38, as well as by other conduct, the defendant has waived its rights to avail itself of it. The Court has impliedly found there was no waiver (*York* v. *Misiak,* 95 N. H. 437) and the record supports this finding. The wording of section 38 is unequivocal to the effect that no proceedings for modification shall be brought "later than one year after the date of the last

payment fixed by the award." We do not believe any act of the parties could confer jurisdiction on the Court to entertain a petition for modification nearly four years after the last payment fixed by the original award. *Zeady* v. *Company*, 96 N. H. 328, 331. It follows that the plaintiff's claim that there was a waiver cannot be sustained.

The Court has found that the plaintiff's disability was for a period of six weeks and six days, from October 24, 1947, to on or about December 8 of the same year although the agreement was based on a six weeks' disability only. The calendar demonstrates that from October 24, 1947, to December 8 of that year is six weeks and three days, including Saturday and Sunday in the last three days, but in any event, in the absence of an allegation of some equitable ground for relief the parties are bound by their agreement and no occasion arises to disturb the award on this account. *Robbins* v. *Nims*, 90 N. H. 555. See also, *King* v. *Kniznick*, 98 N. H. 247, 250. In view of the conclusions reached, it appears unnecessary to consider certain other exceptions of the plaintiff, and the order is

*Decree affirmed.*

All concurred.